UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OREADER CALLAWAY, JR., | : |
| Petitioner, | : Civil Action No. 24-10113 (KMW) |
| v. | : **MEMORANDUM OPINION** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | : |
| Respondents. | : |

This matter comes before the Court on Petitioner Oreader Callaway's petition for a writ of habeas corpus (ECF No. 1) and Petitioner's response (ECF No. 6) to this Court's order directing Petitioner to show cause why his habeas petition should not be dismissed as untimely. As this Court previously explained to Petitioner,

> Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which in cases such as this one begins to run when the petitioner's conviction becomes final upon either the conclusion of direct review or the expiration of the time for seeking such review, up to and including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner's conviction became final ninety days after the New Jersey Supreme Court denied certification on direct appeal on February 2, 2018. *See State v. Callaway*, 232 N.J. 106 (2018); *see also* ECF No. 4-3 at 3. Petitioner's one-year limitations period thus began to run on May 3, 2018, and would have expired on May 3, 2019, absent a basis for tolling.
>
> While the one-year limitations period is subject to statutory tolling, that tolling only applies during the period where a "properly filed" petition for post-conviction relief ("PCR") is "pending" in the state courts. *Jenkins*, 705 F.3d at 85. A state court petition will be considered "properly filed" only where it is filed in accordance with all of the state courts' "time limits, no matter their form. *Id.* (quoting

> *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). According to Petitioner, he filed his first PCR petition on August 15, 2018, 104 days after his one-year limitations period began to run. (ECF No. 4-3 at 4.) His PCR petition thereafter remained pending until the New Jersey Supreme Court denied certification as to the PCR appeal on February 10, 2023. *State v. Callaway*, 253 N.J. 177 (2023). Petitioner did not file his habeas petition in this matter until October 9, 2024, (*see* ECF No. 1 at 2),[] after 609 further untolled days ran from his one-year limitations period. Thus, even considering statutory tolling, a total of 713 untolled days passed, and Petitioner's habeas limitations period thus expired long before Petitioner filed his current habeas petition. Absent a basis for equitable tolling, Petitioner's habeas petition is thus clearly time barred.
>
> Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Petitioner has failed to present any basis for equitable tolling in his habeas petition, and this Court can deduce no basis for such tolling from the record[.]

(ECF No. 5 at 1-3.)

In response to the Court's order directing Petitioner to show cause why his habeas petition should not be dismissed as time barred, Petitioner essentially argues that he should be credited with an earlier filing date for his PCR petition because he alleges he mailed it nearly six months before the state courts actually received the document and deemed it filed. (ECF No. 6 at 3.) However, Petitioner's response does not truly address the fact that Petitioner's current habeas petition was not filed until October 9, 2024, 609 days after his final state court petition for certification was denied. Thus, even if the Court were inclined to grant equitable tolling based on Petitioner's assertions of an earlier mailing date, his petition would still be time barred because it was filed well over a year after his state court petitions ceased to be pending.

The only comment Petitioner makes as to this issue is to note that he filed a previous habeas petition in February 2024. (ECF No. 6 at 4.) As this Court previously explained to Petitioner in its Order to Show Cause, that petition was dismissed without prejudice as unexhausted. (*See* Docket No. 24-264 at ECF Nos. 11-12.) Because the habeas "statute of limitations is *not* tolled . . . for the time during which a habeas petition is pending in federal court," *Jones v. Morton*, 195 F.3d 153, 158-59 (3d Cir. 1999), that previously dismissed habeas petition has no bearing on the timeliness of this matter, and provides no basis for the tolling of the limitations period. Thus, Petitioner's previously dismissed habeas petition does not render his current petition timely and is treated as if it had never been filed. As a result, Petitioner's current habeas petition, filed 609 days after his state court petitions ceased to be pending, remains well and truly time barred as it was filed well after the one-year limitations period expired even if Petitioner had not accrued a single untolled day before his final PCR denial. Because Petitioner has failed to present any valid basis for the tolling of any portion of this 609 days gap, and because Petitioner's previously dismissed habeas petition does not toll the limitations period for Petitioner's current Petition, Petitioner's habeas petition is clearly time barred and shall be dismissed with prejudice as such.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state judgment unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the

3

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's habeas petition is clearly untimely and must be dismissed as such, Petitioner shall be denied a certificate of appealability as to the dismissal of his petition.

In conclusion, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge